**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

| | |
|---|---|
| WILLIAM CECIL ROMIG, | Criminal No. 00-355 (1) (JRT/RLE) |
| Petitioner, | |
| v. | **ORDER DISMISSING PETITIONER'S RULE 60(b) MOTION** |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

William Cecil Romig, No. 09694-041, F.C.C. Beaumont, P.O. Box 26020, Beaumont, TX 77720, petitioner *pro se*.

Jeffrey S. Paulsen, **UNITED STATES ATTORNEY'S OFFICE**, 300 South 4th Street, Suite 600, Minneapolis, MN 55415, for respondent.

Petitioner William Cecil Romig pled guilty to conspiracy to distribute methamphetamine on October 30, 2001. (Docket No. 224.) Chief Judge James M. Rosenbaum sentenced him to 264 months in prison on April 16, 2002. (Docket No. 276.) In 2003, Romig moved for relief pursuant to 28 U.S.C. § 2255; Judge Rosenbaum denied the petition on August 18, 2003. (Order, Docket No. 336.) Romig did not appeal. Romig now brings a motion under Federal Rule of Civil Procedure 60(b)(4) and (6) seeking a review of the Court's ruling. Because it is untimely, the Court will dismiss the motion.

Rule 60(b) provides in relevant part: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . (4) the judgment is void; . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). "A motion under Rule 60(b) must be made within

a reasonable time . . . ." Fed. R. Civ. P. 60(c). Relief under Rule 60(b) is an "extraordinary remedy" to be granted only when "exceptional circumstances prevented a party from seeking redress through the usual channels." *Nucor Corp. v. Nebraska Public Power Dist.*, 999 F.2d 372, 374 (8th Cir. 1993). If the motion is not brought within a reasonable time, the district court has no jurisdiction to entertain the motion. *See id.* at 375-76 (finding a three-and-a-half year delay unreasonable); *see also Middleton v. McDonald*, 388 F.3d 614, 617 (8th Cir. 2004) (finding a three-year delay unreasonable).

Romig's Rule 60 motion was filed more than eight years after the entry of judgment, and he offers no reason for this delay. The Court concludes it has no jurisdiction to hear this motion, and it will therefore be dismissed.[1]

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. William Cecil Romig's Motion Pursuant to Fed. R. Civ. P. Rule 60(b)(4) and (6) [Docket No. 346] is **DISMISSED**.

2. William Cecil Romig's Motion for Evidentiary Hearing Regarding the Motion and Subsequent Court Order [Docket No. 348] is **DENIED as moot**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: July 25, 2012　　　　　　　　　　s/ John R. Tunheim
at Minneapolis, Minnesota.　　　　　　　　JOHN R. TUNHEIM
　　　　　　　　　　　　　　　　　　　United States District Judge

---

[1] The Court also notes that Romig's petition appears to be alleging a new basis for relief, not alleged in his original § 2255 petition. If Romig wishes to file a "second or successive" petition, he must receive authorization from the court of appeals. 28 U.S.C. § 2255(h). Romig has not sought or received such permission and so this Court is not required to entertain the motion. *See Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002).